NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1268n.06

No. 11-3310

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

*Dec 12, 2012*

DEBORAH S. HUNT, Clerk

JAMES JOHNSON, KATHY FRY, and
ELLA GEARY, on behalf of themselves
and all others similarly situated,

    Plaintiffs-Appellants,

v.

U. S. NATIONAL BANK ASSOCIATION
and NATIONAL CITY BANK,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

Before:  DAUGHTREY and ROGERS, Circuit Judges; ZOUHARY, District Judge[*].

PER CURIAM.  Originally the sole plaintiff in this putative class action, James
Johnson filed a complaint alleging a RICO conspiracy under 18 U.S.C. § 1962(d) by
defendants U. S. National Bank Association and National City Bank.  Johnson claimed that
the two banks had maintained accounts for – and conspired with – a commercial customer
that performed "payment processing services" for various telemarketers, with knowledge
that some of those telemarketers were engaged in fraudulent activities, and that he,
Johnson, was a victim of that fraud.  The defendants responded with motions to dismiss
under Federal Rule of Civil Procedure 12, and Johnson filed an amended complaint adding

---

[*]The Hon. Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by
designation.

Kathy Fry as a plaintiff. The defendants again filed Rule 12 motions, which the district court granted, finding that the amended complaint failed to state a RICO claim against either defendant. However, the district court also allowed Johnson and Fry to file a second amended complaint and, some six weeks later, a third amended complaint, adding Ella Geary as a plaintiff. The amendments represented an effort by the plaintiffs to address the deficiencies in their pleadings that had caused the district court to dismiss the complaint.

To no avail. The defendants refiled their motions to dismiss, and the district court again ordered a dismissal, this time with prejudice. In a careful and well-analyzed discussion of the pleadings under the applicable standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the district court noted that the plaintiffs had not alleged that the defendants had themselves engaged in fraudulent activity, but claimed instead that bank officials "knew about the operation of th[e] criminal enterprise based on several indicators, or 'red flags,' of fraudulent telemarketing." The district court ultimately held that such an allegation did not constitute a plausible RICO claim because it did not give rise to an inference that the defendants actually knew of the fraudulent activities *and* agreed to conspire with those engaged in unlawful conduct through a RICO enterprise. The district court also found that the plaintiffs had failed to plead facts plausibly alleging a pattern of predicate acts in furtherance of the RICO enterprise.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we affirm the judgment of the district court based upon the reasoning set out by that court in its order dated March 22, 2011. In addition, we have examined the additional citations forwarded by the plaintiffs under Federal Rule of Appellate Procedure 28(j) and find that they are either not persuasive, in the case of *Reyes v. Zion First National Bank*, 2012 WL 947139, No. 10-345 (E.D. Pa. Mar. 21, 2012), or distinguishable on the facts, in the case of *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783 (6th Cir. 2012).

AFFIRMED.